## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

HENRY FREIDENBERGER, individually
and on behalf of all others similarly situated

Plaintiff,

-against-

TITAN RECEIVABLES, INC.,

Defendants.

Civil Case Number:

**CIVIL ACTION**

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff, HENRY FREIDENBERGER (hereinafter, "Plaintiff"), a Colorado resident, brings this class complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant TITAN RECEIVABLES, INC. (hereinafter "Defendant"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), and the Colorado Fair Debt Collection Practices Act (hereinafter "CFDCPA") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws .

. . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## NATURE OF THE ACTION

3. Plaintiff brings this action seeking redress on behalf of himself and the class, for Defendant's actions which violate the FDCPA.

4. It was the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. §1692(e).

5. The regulations under the FDCPA include prohibiting debt collectors from making any false, misleading or deceptive representations, from attempting to collect an amount they are not entitled to, and from attempting to collect an amount they were unable to verify after a dispute.

6. Plaintiff is alleging that Defendant violated several sections in the FDCPA, including 15 U.S.C. §1692e and 1692f.

7. Plaintiff is alleging that Defendant violated the CFDCPA by attempting to collect an alleged debt without obtaining the license required to do so.

8. Plaintiff is seeking statutory damages, actual damages, attorney's fees and costs, and

declaratory and injunctive relief for the violations of the FDCPA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person and a resident of the State of Colorado.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Defendant Titan Receivables, Inc. is a collection agency with its principal office located in Irvine, California and its registered agent, Legalzoom.com, located at 101 North Brand Boulevard, 11th Floor, Glendale, California 91203.

14. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

15. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

17. Some time prior to September 19, 2017, an obligation was allegedly incurred to Two Jinn, Inc. dba Aladdin Bail Bonds by the Plaintiff.

18. The Aladdin Bail Bonds obligation arose out of a transaction in which money, property,

insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The alleged Aladdin Bail Bonds obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. Aladdin Bail Bonds is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. Pursuant to Title 12  § 12-14-115 of the Colorado Fair Debt Collection Practices Act, it is unlawful to conduct the business of  a collection agency or advertise or solicit, either in print, by letter, in person, or otherwise, the right to make collection or obtain payment of any debt on behalf of another without having obtained a license.

22. Upon information and belief, Defendant Titan Receivables, Inc., does not and did not possess the license required to conduct the business of a collection agency in the State of Colorado.

23. Sometime prior to September 19, 2017, the Defendant mailed an initial collection letter to the Plaintiff attempting to collect the alleged debt.

24. On or about September 19, 2017, Defendant mailed the Plaintiff a subsequent collection letter in an attempt to collect the alleged Aladdin Bail Bonds debt. See **Exhibit A.**

25. The letter was received and read by the Plaintiff.

26. The letter stated in part:

> "Balance: $6,845.07 (Includes Principal of $6,195.00 and Interest of $650.07)"

27. Upon information and belief, the underlying contract did not authorize the Defendant to charge interest.

28. In Colorado, if there is no agreement or provision of law for a different rate, the interest on money shall be at the rate of eight percent per annum, compounded annually.  Title 5 Consumer Credit Code § 5-12-101.

29. Upon information and belief, Defendant charged an interest rate in excess of the amount allowed under the Colorado law.

30. Defendants' actions caused the Plaintiff real harm, by subjecting the Plaintiff to deceptive collection practies in violation of his substantive rights to be free from such practices, and by creating the risk that the Plaintiff would pay more money than he owed, in excess of what the Defendant could lawfully receive.

## **CLASS ALLEGATIONS**

31. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

- CLASS A:  (a) All consumers who have an address in the state of Colorado (b) who were sent a collection letter from the Defendant (c) attempting to collect a consumer debt owed to Two Jinn, Inc. dba Aladdin Bail Bonds,  (d) whom Defendant charged an amount not expressly authorized by the agreement creating the debt or permitted by law (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

- CLASS B: (a) All consumers who have an address in the state of Colorado (b) who were sent a collection letter from the Defendant (c) attempting to collect a consumer debt (d)  which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

32. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

33. Excluded from the Plaintiff Classes are the Defendants and all officers, members,

partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

34. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants violated the FDCPA by (1) attempting to collect a debt without having the appropriate license (2) attempting to collect an amount not expressly authorized by the agreement creating the debt or authorized by law.

35. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

36. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any

questions or issues involving only individual class members. The principal issue is whether the Defendants' attempt to collect an amount they were not legally entitled to violated 15 U.S.C. § 1692e and 1692f and the Colorado FDCPA.

(c)  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

39. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

42. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

43. More specifically, pursuant to 15 U.S.C. § 1692f (1) a debt collector may not attempt to collect an amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

44. The Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount that they were not legally or contractually entitled to.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692e *et seq.***

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

49. The Defendant violated section by:

   a. Falsely representing the character, amount, and legal status of the alleged debt in violation of 1692e(2);

   b. Taking action that cannot legally be taken in violation of 1692e(5); and

   c. Making a false representation in connection with the collection of a debt in violation of 1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


**COUNT III**

**VIOLATIONS OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT**

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the CFDCPA, including but not limited to Article 14 sections 12-14-

107; 12-14-108; and 12-14-115.

53. Defendant violated sections 12-14-107 which prohibits debt collectors from making any false or misleading representations for the same reasons expressed above in Count II.

54. Defendant violated section 12-14-108 which prohibits debt collectors from using unfair or unconsionbale means to collect a debt for the same reasons expressed above in Count I.

55. Defendant violated section 12-14-115 by conducting the business of a collection agency without having obtained a license under the CFDCPA.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the CFDCPA, and for actual damages, statutory damages, costs and attorneys' fees.

## JURY DEMAND

57. Plaintiff requests a trial by jury for all claims that can be so tried.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari H. Marcus, Esq., as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 28, 2017

                                        *s/ Ari Marcus*_____
                                          Ari Marcus, Esq.
                                          MARCUS & ZELMAN, LLC
                                          1500 Allaire Avenue, Suite 101
                                          Ocean, New Jersey 07712
                                          (732) 695-3282 telephone
                                          (732) 298-6256 facsimile
                                          *Attorneys for Plaintiff*